# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CANDY VAUGHN, et al.,                )
                                     )
            Plaintiffs,              )
                                     )
      v.                             )      C.A. No. N13C-07-132 ALR
                                     )
JEFFREY I. JACKERSON, D.O., et al.,  )
                                     )
            Defendants.              )

## ORDER

Date Submitted: April 1, 2016
Date Decided: April 7, 2016

### *Upon Defendants' Motions for Summary Judgment*
### DENIED

Upon consideration of the motions for summary judgment filed by and joined by all Defendants on the issue of Plaintiffs' medical negligence claim;[1] the facts, arguments and legal authorities set forth by all parties; decisional precedent; and the record of this case, the Court finds as follows:

---

[1] On February 23, 2016, Defendants Ronald M. Lieberman, D.O., and Delaware Spine Institute filed a motion for summary judgment arguing that the statute of limitations barred Plaintiffs' medical negligence claim. On March 8, 2016, Defendants Adam S. Brownstein, M.D., and Milford Medical Associates, P.A., filed a motion for summary judgment on the same grounds. On March 18, 2016, Defendants Jeffrey I. Jackerson, D.O., and Kent Diagnostic Radiology Associates, P.A., filed a motion for summary judgment on the same grounds. Subsequently, all Defendants filed notice of joinder, notifying the Court that each Defendant was joining all other Defendants in their motions for summary judgment. Because all filed motions for summary judgment have been joined by all Defendants and because all Defendants argue that Plaintiffs' medical negligence claim is barred by the statute of limitations, Defendants' motions will be considered collectively in the interest of judicial economy.

1. On September 10, 2013, Defendants Jeffrey I. Jackerson, D.O., and Kent Diagnostic Radiology Associates, P.A., filed a motion to dismiss with prejudice, arguing that the applicable statute of limitations barred Plaintiffs' claims. Defendants Adam S. Brownstein, M.D., and Milford Medical Associates, P.A., joined in the motion. On October 24, 2013, Defendants Ronald M. Lieberman, D.O., and Delaware Spine Institute filed a motion for summary judgment, also alleging that the Plaintiffs' claims were barred by the statute of limitations. By Order dated December 18, 2013, this Court denied both the pending motion to dismiss and motion for summary judgment, determining that the record was insufficient to discern at what time Plaintiffs could be charged with knowledge of the potential cause of action to commence the statute of limitations.[2]

2. On December 18, 2013, Defendants' filed a motion for reargument, which this Court denied by Order on the same day.

3. Between September and October 2014, all Defendants filed either a new or second motion for summary judgment, again arguing that the statute of limitations barred Plaintiffs' claims. On November 11, 2014, Defendant Milford Memorial Hospital filed a motion to dismiss for failure to perfect service in a timely manner. By Order dated November 24, 2014, this Court denied Defendants' motions for

---

[2] *Vaughn v. Jackerson*, 2013 WL 6667752, at *3 (Del. Super. Dec. 18, 2013).

summary judgment and denied Defendant Milford Memorial Hospital's motion to dismiss.[3] Notably, the Court accepted Plaintiffs' representation that Plaintiffs were unaware that James Vaughn's x-ray was suspicious for a malignancy until January 2013 such that the filing of the lawsuit on July 11, 2013, was timely.[4] Thus, the Court rejected Defendants' contention that Plaintiffs knew or should have known that an act of medical negligence occurred on September 29, 2010.[5]

4. On December 10, 2014, Defendants' filed an application for certification of an interlocutory appeal, which this Court denied by Opinion and Order dated January 14, 2015.[6]

5. On December 23, 2014, Defendants' filed a notice of interlocutory order with the Delaware Supreme Court, which the Supreme Court denied by Order dated January 22, 2015.[7]

6. Now, Defendants' have again filed motions for summary judgment, again arguing that the statute of limitations procedurally bars Plaintiffs' medical negligence claim. Specifically, Defendants argue that since the Court's previous rulings denying similar arguments, new evidence has been discovered upon the close of discovery. Nevertheless, Defendants largely raise substantially similar arguments that this Court has already expressly rejected.

---

[3] *Vaughn v. Jackerson*, 2014 WL 6669345, at *3 (Del. Super. Nov. 24, 2014).
[4] *Id.* at *2.
[5] *Id.*
[6] *Vaughn v. Jackerson*, 2015 WL 197312, at *3 (Del. Super. Jan. 14, 2015).
[7] *Jackerson v. Vaughn*, 106 A.3d 1049 (TABLE) (Del. 2015).

7. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[8]  The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[9]  At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[10]

8. In viewing the facts in the light most favorable to Plaintiffs—the non-moving party—the Court is satisfied that issues of fact remain with respect to Defendants' alleged medical negligence and Defendants are not entitled to judgment as a matter of law.  For the same reasons this Court has already denied similar motions filed by Defendants' as detailed above, the Defendants' motions for summary judgment must be denied.  Plaintiffs' knowledge that the 2010 x-ray was suspicious for a malignancy was inherently unknowable until 2013; therefore, the filing of Plaintiff's action in July 2013 was timely.  In the alternative, this Court is satisfied that a genuine issue of material fact remains as to when Plaintiffs could have known of the alleged act of medical negligence to commence the

---

[8] Super. Ct. Civ. R. 56.
[9] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[10] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

4

applicable statute of limitations such that summary judgment is inappropriate. This case shall proceed to trial.

**NOW, THEREFORE, this day of 7th day of April, 2016, Defendants' motions for summary judgment are hereby DENIED.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**